Good morning. My name is Wendy Miller with the Office of Parole Rewarder, representing the Appellant Richard Carr. If it pleases the Court, I'd like to reserve two minutes for rebuttal. You have a clock. You know, whatever you have left when you stop talking. Okay. Then you'll have a rebuttal. The issues on the appeal in this – there's two issues on appeal in this case. This case concerns a decision by the Court holding that Appellant Richard Carr has collaterally stopped from arguing that he's totally disabled under a Provident policy because a prior Court had found that he was not totally disabled under a Paul Revere policy and then put the burden on Richard Carr to say why the Provident and Paul Revere policies were materially different. On the total disability question, it seems it boils down to me whether important and substantial means the same thing as – what's the other term in the Provident policy? Material and substantial, which is Provident, and Paul Revere is unable to perform the important. Okay. What is important and the other is substantial and material? It seems to me it boils down to whether or not those two terms are substantially similar, at least similar enough that you can no longer try the case again. Correct. Is that about right? No, that's absolutely correct. And our point is that if Provident is paying 100 percent loss of income, how can they say that he is able to perform the material and substantial duties of his occupation? And I don't know how they can. No, my question was are those two terms close enough that if you have a case on one, it's going to bind the other? Well, obviously we would argue no, they're not, and the reason being is that it's a contract. There's no absolute definition of what totally disabled is. It's based on whether or not you're able to earn an income in your profession. Is that the definition? Well, material meaning if you can't make money from it, it will be material. I know you get into the money part, but it seems to me if it's substantial and material, it would be important. I'm just trying to get to figure out your argument of why these two aren't conceptually the same. It's difficult because obviously the judge thought they were conceptually the same. That's right. And we have to review that. Right. And he's got a courthouse named after him. And this is a difficult issue. But it's a contract. It's not these are two separate contracts. And CAR should be able to prove under this, here's the difference. The issue is, is CAR disabled under the Provident contract? The prior issue was, was CAR disabled under the Paul Revere contract? Right. And that's an issue. Given that he was held to be not disabled under the Paul Revere contract, he is bound by that determination. So whatever the definition of disability is under the Paul Revere contract, he is held not to have that. Correct. And the question is, given that he is bound by that ruling, which then means that he was able to perform the important duties of his profession, how can he now prove, or do I have them backwards? The other one was important, right? And this one, the Provident contract, the important duties, right? Right. So given that we know that he can perform the important duties of his profession, how can he have, where does he have room to prove that he can't prove, that although he can prove the important duties, he can definitely perform the important duties of his profession, he can't perform the material and substantial duties. There's no room left, because if he can do the important duties, you can't possibly recruit him for performing the material and substantial duties. There's no room there. I have a question about the residual disability benefits before you run out of time. Are the policies, in your view, different with respect to less than total disability? Yes, Your Honor. Provident takes a position that because Carr quit working when he was not totally disabled, he's barred from recovering residual disability benefits. However, that provision is contained in a paragraph which the heading of the paragraph says, benefits when policy renewed after age 65. If this policy is continued in accordance with the conditional right to renew after age 65 on page 1 of the policy. So you go to page 1 of the policy. It says conditional right to renew after age 65. Premiums are not guaranteed. You can renew this policy as long as you are actively and gainfully working full time. It is clear that this provision only covers issues where the insured is over age 65. It does not apply when the insured is under age 65. So if I understand your argument correctly, it is that looking at page 1 of the policy, the requirement of as long as you are actively and gainfully working full time pertains only to the right to renew after age 65 and that until age 65, all you need to do is pay your premiums on time. Correct, Your Honor. And that's supported by the fact that the... So even he decides to sell his practice and go to law school, and there in the middle of law school he gets really disabled from sitting there or working late in the library every night. You know, he gets a bad back. So he's no longer practicing dentistry. He's a law student now. But he's still paying his premiums and he gets disabled. Bingo, I get residual disability benefits under my insurance policy as a dentist. It strikes me as wrong. It's at least counterintuitive. Okay, let's have this. Let's say he's naturally disabled when he stops working. But it's so hard for him to keep working. I understand. If you have a different hypothetical, then you have a different answer maybe. I'm saying he's perfectly fine. One day he says, you know, I don't want to be a dentist anymore. I want to go traveling. I want to go visit the world. I want to go to law school. I want to become an engineer. I want to take time off. But I'm going to keep paying my premiums. So while he's off on vacation in Egypt, he's climbing the pyramids, and all of a sudden he throws out his back. And he says, oh, you know what? I can no longer practice dentistry. Or at least, you know, if I were to practice dentistry, I would be at least 20% disabled because I have a bad back. And your argument would be, bingo, he gets benefits as if he were working. Yes, that would be the rejecto adams. I mean, yes, that would be the worst case scenario. It's at least a counterintuitive reading of the policy. However, to require that he keep working until he's totally disabled in order to get benefits doesn't make any sense either. He stayed working as long as he could so he could sell his practice. Well, but what they're arguing is, look, when you stop doing your work in your profession and you take up mountain climbing or, you know, whatever else you do, which is very different than being a dentist, we're not insuring those risks and we're not insuring the risk that you, after you go through doing whatever other things you're going to do, you're going to come back and say, gee, I can no longer be a dentist because while climbing the Himalayas I, you know, froze my fingers off. But that's not what the policy says. The policy says benefits from policy renewed after age 65. The paragraph says conditional right to renew after age 65. If it was meant to apply to people under 65, it should say so. It doesn't say so. So you take the sort of the big, the language of capitals as modifying the rest of the paragraph. Because only if it was written by itself, I would agree it's disputable. But because the paragraph on page 7 says benefits from policy renewed after age 65, it says if this policy is contained in accordance with the conditional right to renew after age 65 on page 1, clearly that's what this is. This paragraph is a conditional right to renew after age 65, and that's what it's referring to. Okay. Thank you. Thank you. Good morning. My name is Robert Hess, and I'm here on behalf of Provident Life and Accident Insurance Company. Would you mind starting with Judge Graber's question, which is I want to echo also. I understand your argument on total disability, but I'm having a lot of difficulty with a partial disability. As I understand, the Paul Revere policy litigation isn't going to help at all because that was not an issue there, correct? In terms of residual? Yes. Correct. So we're talking about this policy itself. And in looking at this, it seems to me that Judge George may have gotten the wrong paragraph. At least that's argued, and I've read it, and there may be a point. I'd like to have you focus on that issue, if you could. I will. Is that okay? Is that pretty close to where you're going? Yes. Thank you. The total and the residual disability provisions are intertwined. And here in the Paul Revere case, as the Court correctly points out, the issue that was clarified and resolved was the question of whether or not Richard Carr is totally disabled. That issue was resolved against Dr. Carr, and the finding was made that he is not totally disabled. Based on that, he is not entitled to any benefits, including residual disability benefits, because the evidence confirms that at the time he sold his practice, he was not totally disabled. In order to obtain the residual benefits under the policy, one must be working. And that's how the policy reads. That's how the case law interprets it. Where? That's my problem, too. I think that it's at least ambiguous, and if it is ambiguous, then it's true against you. So where does it clearly state that for a person under the age of 65, they must be working? It's both implicit and explicit, and I'll explain both. Where is it explicit? In terms of the residual benefit calculation, it depends on, in order to arrive at the residual disability benefit, the calculation requires an application of the difference between one's prior income in your occupation and the terms your occupation are used in that calculation. I have trouble following things unless I have it. I'm looking at page 8 of the policy. There's a definition section there. Okay. And walking through it, that explains how to arrive at the residual. Can you give us a paragraph, a number? Under current monthly income? Current monthly income, yes. It's about halfway down the page. Yes. It means your monthly income in your occupation for each month of residual disability being claimed. That refers to an income in an occupation. In other words, one must be working to earn that income, which is then applied or multiplied. The difference between the prior income and the current monthly income is the percentage that's multiplied to arrive at the residual benefit. Let me give you a hypothetical that is a little different from the one that Judge Kaczynski gave opposing counsel. Let's assume that a person is a dentist for 10 years and intends to be a dentist for another 30 years, but decides it's time for a sabbatical. And instead of going to law school, goes back for continuing dental education and writing a treatise on molars and continues to pay the premiums, is under the age of 65. No question they're not abandoning being a dentist, but for a year they're not going to earn anything. And let's suppose that that person becomes 50% disabled because of some cause, an illness or something. Are you saying that this policy doesn't apply to them, that they are unable to get any residual benefits, even though they are still, in the broadest sense, in the occupation of dentists, and that they can't look back to what they were earning the previous year? I don't think so. I'm saying that in order for that person who would not qualify for total disability benefits, in order for he or she to qualify for partial or residual benefits, he or she needs to be working. And he or she would be entitled. But in my example, the person's not working. Correct. They're on sabbatical for a year. So you're saying that person's not entitled, even though they're still in the occupation of dentists, that they're still not entitled because they're not actively working. And you get that from page 8 from the calculation? Correct. And from the implicit and reading the policy as a whole in context, under your hypothetical, someone who has four important or material and substantial duties, who is unable to perform one of those duties can decide, I'm not going to work at all, and thereby I will have a 100% loss of income, and thereby collect total disability benefits. And that's not how these policies are intended to work? No, but why wouldn't that person be able to say, if I weren't on sabbatical, I would be able to work half-time, and here's my doctor's note explaining why I could only work half-time, and I'm entitled to 50%. I'm not asking for 100%. Why wouldn't that person be entitled to 50%? Because these policies are covered by the doctrine of not only bad faith, but good faith. And there is an implied duty to act in good faith, and it goes both ways, and that insured who has the capacity to work cannot choose not to work and sit back and collect disability benefits. That doesn't answer my hypothetical at all, because in my hypothetical the person is only asking for what they physically can't do. And I don't understand why that wouldn't permit coverage. They've paid their premiums, and they're saying, if I were still actively working, I'd be 50% disabled, so I want that 50%. I'm not asking you for the part that's my choice. I'm asking you for the part that isn't my choice. I would again refer the Court back to the calculation of residual benefits, which takes into account a loss of current income, the difference between the current income earned, and in your hypothetical there would be zero income earned versus the prior income earned. You know, you've pointed to the definition of current income, but where does current monthly income get used in the policy the way you – where does it do the work you want it to do? If you turn the page, on page 9 there's the residual disability monthly benefit, and that's the actual formula. And you have the loss of monthly income over the prior monthly income, and that figure is then multiplied. You're going to need to give me a paragraph on that. I believe it doesn't have – Language. What are you talking about? You'll see at the top portion of the page there's the loss of monthly income over prior monthly income, and from right above, residual disability benefits. Okay. That's the calculation formula. Oh, I see. Loss of monthly income divided by prior monthly income times monthly benefits of total disability. Right. And loss of monthly income refers to the difference between the prior monthly income and current monthly income, and each of those definitions, both prior monthly income and current monthly income, refer to income in your occupation. I'm sorry. I don't see the word current in this formula that you have on page 9. If you – again, I apologize. You need to turn back to page 8, and loss of monthly income is defined in the middle of that page, and it means, I'm quoting, the difference between prior monthly income and current monthly income. So you need to read these different provisions to apply them in the calculation formula. I'm having some problems. I'm glad you understand this policy well because I'm having a little difficulty with it. As I read Judge George's opinion, it struck me that he was talking about this renewal of the policy as long as it's actively engaged in working time. And then I went over to try and find out what he's referring to, and I think it's on page 1 of the insurance policy where it talks about conditional right to renew. And the language to which Judge George made – commented in his opinion is in that paragraph. Do you have it before you there? Yes, and I think that language is expanded on page 14 under the same section. Okay. Now, the paragraph that he seems referring to is conditional right to renew after age 65. Now, Dr. Carr is not over 65. Apparently. I mean, the record doesn't show he is, and I tried to go back as to when he started and the rest of that. He is not. And so I assume that that paragraph to which I think Judge George was referring is not applicable. The one paragraph before, non-cancellable and guaranteed continuation to age 65 as guaranteed premiums, it just says you can continue this policy to age 65 by paying the premiums on time. It doesn't talk about whether you're working or not working or whatever. Is Judge George just found the wrong paragraph and we don't have to get into all of this and the answer is a very simple one, or is there something else we need to know? I'll answer it this way. I believe Judge George made the right decision. It may not necessarily be the right decision based on that provision in the policy. I think the decision is correct because there has been a resolution of the issue of total disability because that issue is the key. I'm not quarreling about total disability. I'm talking about partial disability. And under partial disability, it looks like that even though he gets into difficulty physically, he can get the continuation just by raising, he can't do it after he's 65, but he can do it before. So why doesn't that answer the question and you can confess there? Because what we were talking about earlier is if he's not totally disabled, in order to collect the residual disability benefits, it's our reading of the policy that he needs to be working. And in this case, he's not working. That's admitted by, that's undisputed that he has not worked since October. But what you're saying is that Judge George was off the track when he started quoting from this section. But even though he's off track there, we can affirm him for some other reason as we interpret the contract. He also made the determination that the finding of total disability went against Dr. Carr in the prior litigation. And that basis is a basis that this court is on. Do you agree with that? I'm sorry? Do you agree there's collateral estoppel on the partial disability? I believe so because she wasn't even before the Paul Revere. They paid all the partial disability pay. There was no issue. But it is an estoppel because the total disability finding was made and it's undisputed that Dr. Carr has not returned to work, has not worked in any capacity since October 1997. So it all depends on whether the, I mean, everything devolves on whether the policy requires him to be working full-time or not. If it does, you win. And if it doesn't, you lose. I would agree to an extent, but he doesn't have to be working full-time. The understanding is he can be working part-time. But he has to be, in your view, he has to be working. In order to collect residual disability benefits. That's correct. And so you have to be right about that unequivocally under this policy to win in the procedural posture of the case. It can't be ambiguous. I believe that's correct. In other words, he has to be working in order to collect residual disability benefits. Right. But you have to be unequivocally correct about that proposition to win. I believe that's correct. Okay. Thank you. Thanks for knowing about this policy. It's very helpful. Look, I can't explain to you in any legal terms why the two policies are different and why Carr should not be stopped from arguing why he isn't totally disabled. There isn't a, I can't find a case or a definition of what it is. I can say that Provident was paying him for 100 percent loss of income, and under the doctrine of waiver, there should be a stop from arguing that he wasn't totally disabled when they've always known what the facts were, they knew he stopped working, they knew what his medical condition was, and they continued to pay him until 2000, when this other decision came out in Parole Revere, without even telling him why they canceled the policy. As to the residual disability, I think the policy is, well, it's not clear, but the way the policy is written, I don't think you can screw it that he doesn't get benefits if he is not totally disabled at the time he stops working. Thank you. Thank you. They will take a very short break before the argument in the next case. About five minutes. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Wallace, Kozinski, Graber